or that the decree will not be complied with, or may not be satisfied in the ordinary mode. The costs of the suit to be paid by the defendant.

## Case No. 8,842.

MACKAY v. CENTRAL R. R. OF NEW JERSEY.

[See 4 Fed. 617.]

## Case No. 8,843.

MACKAY v. EASTON.

[2 Dill. 41; [1] 16 Int. Rev. Rec. 173.]

Circuit Court. E. D. Missouri. Sept. Term, 1872.[2]

LAND GRANTS — MISSOURI — NEW MADRID LOCATIONS—EJECTMENT — VALIDITY OF PATENT.

1. A patent issued in 1827, pursuant to a New Madrid certificate or warrant, under which both parties claimed title, and pursuant to the requirements of acts of congress is valid, and possession by the defendant under the patent for ten years was *held* to entitle him to a verdict in an ejectment against him.[2]

2. The case distinguished from Easton v. Salesbury, 23 Mo. 100, same case in error, 23 How. [64 U. S.] 426, where the patent of 1827 was decided to be void.[2]

3. Acts of congress pertaining to the New Madrid locations referred to by Treat, J.

This was an action of ejectment to recover possession of certain land situated in the city of St. Louis, forming part of a tract which was located under New Madrid certificate No. 159, dated November 16, 1816, in favor of James Smith, upon which a patent was issued May 28, 1827, to said Smith or his legal representatives. Smith, on July 9, 1811, had had confirmed to him by the commissioners for the adjustment of titles to land in the territory of Missouri, certain lots of land in New Madrid county, which lots were afterwards, and while still owned by him, materially injured by earthquakes; whereupon, by virtue of the act of congress approved February 17, 1815 [3 Stat. 211], making provisions for the relief of sufferers by the New Madrid earthquakes, the certificate aforesaid was issued in the name of James Smith, and upon this certificate the patent above mentioned was issued to Smith or his legal representatives. Both parties in this action claimed under the James Smith in whose name the certificate of location was issued. Plaintiff [George R. Mackay] claiming under a title bond by Smith to Andrew P. Gillespie, dated April 14, 1816, and under a deed by Smith to Gillespie, executed of date March 5, 1819, pursuant to the covenant to convey contained in such bond. Gillespie, in 1846, conveyed to William W. Gitt, who conveyed to plaintiff. Defendant [Alton R. Easton] claimed under a deed dated October 22, 1816, by James Smith to Rufus Easton, who, on June 28, 1826, conveyed to William Russell,

[1] [Reported by Hon. John F. Dillon. Circuit Judge, and here reprinted by permission.]
[2] [Affirmed in 19 Wall. (86 U. S.) 619.]

from whom the title passed through various intermediate holders to defendant. The case was tried before a jury.

D. T. Jewett and John F. Darby, for plaintiff.

Charles Gibson, E. Casselbury, and William B. Thompson, for defendant.

Before MILLER, Circuit Justice, and TREAT, District Judge.

THE COURT, through TREAT, District Judge, instructed the jury that the patent of 1827, above referred to, was valid, and that the only point for their determination was whether the defendant had been in possession, under the patent, for ten years prior to the bringing of the suit, and that if they were satisfied that possession for that period had been proved, they would find for the defendant. The jury accordingly returned a verdict for defendant. [In view of former decisions, the most striking feature of the case was the ruling of the court that the patent of 1827 was valid, that being the point upon which the case eventually turned.][3] It may be observed that the same patent has been decided to be void in the case of Easton v. Salesbury, tried in the St. Louis court of common pleas, in 1855, before his honor, Judge Treat (one of the judges who sat on the trial of the present case), a decision which was first affirmed by the supreme court of Missouri (23 Mo. 100), and afterwards, on writ of error, by the supreme court of the United States. 21 How. [62 U. S.] 426. Conflicting as the decision in Easton v. Salesbury, and that in the present case may appear, such conflict arises, not from a different interpretation of the law, but from the fact that in the former case there was wanting a link which in the present case has been supplied. In order rightly to understand the precise nature of this link, and the ruling of the court, an acquaintance with the acts of congress pertaining to the New Madrid locations is necessary. This was stated by Treat, J., as follows: "By the act of congress above referred to, approved February 17, 1815, any persons owning lands in New Madrid county, and whose lands had been materially injured by earthquakes, were authorized, subject to the limitations and restrictions therein mentioned, to 'locate the like quantity of land on any of the public lands in the territory of Missouri, the sale of which was then authorized by law.' This act made it the duty of the recorder of land titles for that territory, upon proof of the title of any such person to the benefits of the act, to issue a certificate that such person was so entitled. Upon such certificate being issued, location was to be made, on claimant's application, by the deputy surveyor of the territory, who was required to survey the same and return a plat of such

[3] [From 16 Int. Rev. Rec. 173.]